**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

ABDIKADIR KADIYE,

        Defendant.

Case No. 22-cr-226(7) (NEB/DTS)

**MOTION FOR PRELIMINARY**
**ORDER OF FORFEITURE**

The United States of America, through Daniel N. Rosen, United States Attorney for the District of Minnesota, and Craig R. Baune, Assistant United States Attorney, respectfully moves this Court for: (1) a Preliminary Order of Forfeiture pursuant to 18 U.S.C. § 981(a)(1)(c), 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2; (2) a money judgment forfeiture in the amount of $867,897; (3) forfeiture of certain real property as a substitute asset pursuant to 21 U.S.C. § 853(p); (4) a General Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(2)(C); and (5) an order authorizing discovery to locate additional assets subject to forfeiture.

## BACKGROUND

On March 7, 2023, a Grand Jury returned a Superseding Indictment against Defendant Abdikadir Kadiye. ECF No. 93. The Forfeiture Allegations of the Superseding Indictment provided notice that the United States sought forfeiture of, among other things, any property constituting, or derived from, proceeds obtained directly or indirectly as a result of commission of Counts 1-24 of the Superseding Indictment pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). *Id.*

On August 31, 2023, the United States and the Defendant entered into the Plea Agreement through which Kadiye agreed to plead guilty to Count 18 of the Superseding Indictment, which charged him with wire fraud in violation of 18 U.S.C. § 1343. ECF No. 181, ¶ 2. The Defendant admitted that from in or about January 2021 through 2022, he knowingly participated in a fraudulent scheme to obtain and misappropriate Federal Child Nutrition Program ("FCNP") funds. *Id.* ¶ 3.

Kadiye admitted that he was the president of Hobyo Health Care Foundation, through which he fraudulently received Federal Child Nutrition Program funds for his three food distribution sites in Minnetonka, Eden Prairie and Minneapolis. *Id.* ¶ 3. Kadiye caused the submission of falsified meal counts and fake attendance rosters in order to receive reimbursement funds, including fraudulently claiming to have served more than 111,000 meal and snack servings in just two months in 2021 at the Eden Prairie site, when he had actually served a fraction of that amount. Kadiye claimed to have served more than 445,000 meals at his sites, which was false. In total, Kadiye submitted claims for approximately $1.1 million, for which he received at least $994,866 in fraud proceeds. *Id.* Kadiye consented to a money judgment forfeiture of $867,897 and agreed to the forfeiture of, among other things: residential real property located at 2930 Blaisdell Avenue #227 in Minneapolis, Minnesota. Kadiye admitted that this property constitutes or is derived from proceeds traceable to the wire fraud scheme. *Id.* ¶ 16.

As set forth below, the United States is also seeking forfeiture of $4,729.33 seized from J.P. Morgan Chase Bank Account No. 831671836, held in the name of

Abdikadir Kadiye. Those funds were seized in March 2023 pursuant to a seizure warrant. They are subject to forfeiture because they constitute or are traceable to proceeds of the wire fraud scheme alleged in Count 18 of the Superseding Indictment. Declaration of Pauline Roase ("Decl. of Roase") ¶¶ 7-8.

Finally, the United States is seeking the forfeiture of the real property located at 13679 56th Place North, Plymouth, Minnesota as a substitute asset in partial satisfaction of the requested money judgment forfeiture.

## ARGUMENT

I. **A PRELIMINARY ORDER OF FORFEITURE SHOULD BE ENTERED FOR DIRECTLY FORFEITABLE ASSETS.**

**A. Legal Standard**

The United States seeks a Preliminary Order of Forfeiture pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure. Rule 32.2(b) provides:

(b) Entering a Preliminary Order of Forfeiture.

(1) Forfeiture Phase of the Trial.

(A) Forfeiture Determinations. As soon as practical . . . after a plea of guilty . . . court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense.. . .

(B) Evidence and Hearing. The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.

3

(2) Preliminary Order.

(A) Contents of a Specific Order. If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture . . . The court must enter the order without regard to any third party's interest in the property.

Criminal forfeiture is a part of sentencing; it is not a substantive element of the offense. *Libretti v. United States*, 516 U.S. 29, 38-39 (1995). As such, the preponderance of the evidence standard of proof applies. *United States v. Huber*, 462 F.3d 945, 949 (8th Cir. 2006); *see also, e.g., United States v. Peithman,* 917 F.3d 635, 651 (8th Cir. 2019).

Because the governing statutes include compulsory terms, forfeiture is mandatory. *United States v. Williams,* 720 F.3d 674, 702 (8th Cir. 2013) (differentiating "shall" from "may" in forfeiture statutes). The plain language of 28 U.S.C. § 2461(c) mandates forfeiture when a defendant is convicted of an offense giving rise to forfeiture. *Id.* ("If the defendant is convicted of the offense giving rise to the forfeiture, the court shall order the forfeiture of the property as part of the sentence in the criminal case. . .") (emphasis added); *see also United States v. Blackman*, 746 F.3d 137, 143 (4th Cir. 2014) ("The word 'shall' does not convey discretion").

Moreover, "Forfeiture is mandatory even when restitution is also imposed." *Id.*; *see also United States v. Newman*, 659 F.3d 1235, 1241 (9th Cir. 2011) (defendant, pursuant to 18 U.S.C. § 982(a)(2), is "not entitled to a credit for the amount that he had repaid toward the fraudulently obtained loan."); *United States v. Adetiloye*, 716 F.3d 1030, 1041 (8th Cir. 2013) ("Restitution is loss based, while forfeiture is gain based.") (citations omitted.) Although forfeiture and restitution are separate aspects of a

4

criminal sentence, forfeited assets are often used to compensate criminal victims through the remissions process authorized by 28 C.F.R. Part 9.

Third-party claims to forfeitable property are addressed in an ancillary proceeding and are not at issue at this stage of the forfeiture process. *See* 21 U.S.C. § 853(n) (as incorporated by 28 U.S.C. § 2461(c)); Fed. R. Crim. P. 32.2(c). Accordingly, the Court enters the preliminary order of forfeiture without consideration of third-party interests in the property. *See id*. Determining any such interests "must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c)." Fed. R. Crim. P. 32.2(b)(2)(A).

### B. Forfeiture is Authorized for Proceeds of a Wire Fraud Scheme.

Defendant has pleaded guilty to wire fraud in violation of 18 U.S.C. § 1343. As a consequence, 18 U.S.C. § 981(a)(1)(C) mandates forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense."[1]

---

[1] Pursuant to Title 18. 18 U.S.C. § 1956(c)(7)(A), the term "specified unlawful activity" includes any act or activity constituting an offense listed in section 1961(1). The offenses listed in section 1961(1) include wire fraud. Although 18 U.S.C. § 981(a)(1)(C) is a civil forfeiture provision, 28 U.S.C. § 2461(c) criminal forfeiture when a defendant is convicted of an offense for which civil forfeiture is authorized, as it has done here. ECF No. 93, Forfeiture Allegations. *See, e.g.*, *United States v. Jennings*, 487 F.3d 564, 583-584 (8th Cir. 2007) (affirming money judgment forfeiture based on mail fraud conviction pursuant to 18 U.S.C. 981(a)(1)(C) and 28 U.S.C. § 2461(c)); *Adetiloye*, 716 F.3d at 1041.

Proceeds of a wire fraud scheme include all gross receipts of the scheme. *See, e.g., United States v. Simmons,* 154 F.3d 765, 770-772 (8th Cir. 1998) (interpreting similar forfeiture authority for RICO violation, holding, "the better view is the one that defines proceeds as the gross receipts of the illegal activities); *United States v. Huber*, 404 F.3d 1047, 1058 (8th Cir. 2005) (defendant was not entitled to offset expenses, "even if the expenses were legitimately incurred by Huber, they would not reduce the amount subject to forfeiture"); *United States v. Hively.* 437 F.3d 752, 763 (8th Cir. 2006) (same); *United States v. Lo*, 839 F.3d 777, 792-94 (9th Cir. 2016) (all funds from defendant's fraud scheme were subject to forfeiture on conviction for mail and wire fraud, rather than only the amounts specified in counts of conviction).

**C. Directly Forfeitable Property is Subject to Forfeiture From Kadiye.**

The United States seeks a preliminary order of forfeiture for: (1) the real property located at 2930 Blaisdell Avenue, #227 in Minneapolis, Minnesota (the "Minneapolis Property") and (2) $4,729.33 seized from J.P. Morgan Chase Bank Account No. 831671836. As is set forth in the Plea Agreement, the Defendant agreed that the Minneapolis Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) because it constituted or was derived from proceeds traceable to the Wire Fraud scheme for which he has pleaded guilty. ECF No. 181 ¶16. And the Declaration of Pauline Roase establishes that the $4,729.33 seized from JP Morgan Chase Bank is also traceable to the fraud scheme. *See* Roase Decl. ¶ 7-8. Kadiye's plea agreement and Roase's declaration provide the required nexus between the property sought in this motion and the crime of conviction to

6

establish that the property sought for forfeiture is directly forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

## II.   MONEY JUDGMENT FORFEITURE OF $867,897 SHOULD BE ENTERED.

### A. Personal Money Judgments Forfeitures are Authorized in Criminal Actions.

Entry of a personal money judgment forfeiture is specifically authorized by Fed. R. Civ. P. 32.2(b)(1), and such orders have been repeatedly upheld. *See, e.g., United States v. Johnson*, 956 F.3d 510, 518 n.5 (8th Cir. 2020) (affirming $2.1 million money judgment forfeiture, with defendant receiving credit against that total for the value of forfeited assets); *Peithman*, 917 F.3d at 652 (affirming money judgment forfeiture imposed under 18 U.S.C. § 981(a)(1)(C), while remanding for a redetermination of the amount of the money judgment issued under 21 U.S.C. § 853), cert. denied, 140 S. Ct. 340 (2019); *United States v. Gregoire,* 638 F.3d 962, 971-72 (8th Cir. 2011) (money judgment forfeiture permitted based on mail fraud conviction; no jury determination required for amount of money judgment forfeiture); *Jennings*, 487 F.3d at 586 (affirming money judgment for amount of proceeds defendant derived from "honest services" mail fraud scheme).

### B. The United States is Entitled to a $867,897 Money Judgment Forfeiture Against Kadiye Pursuant to 18 U.S.C. § 981(a)(1)(C).

As is set forth above, Kadiye has admitted through his plea agreement that he "knowingly participated in a fraudulent scheme to obtain and misappropriate Federal Child Nutrition Program funds." ECF No. 181, ¶ 3. He further admitted that he

fraudulently submitted claims for approximately $1.1 million as part of the scheme to which he pled guilty. *Id.* Kadiye consented to a money judgment forfeiture in the amount of $867,897. *Id.* ¶ 16. Kadiye will receive a credit against the money judgment forfeiture for the net value of each asset that is forfeited from him in connection with this case.

**III. KADIYE'S PLYMOUTH PROPERTY SHOULD BE FORFEITED AS A SUBSTITUTE ASSET IN PARTIAL SATISFACTION OF THE MONEY JUDGMENT FORFEITURE.**

A criminal forfeiture judgment is considered an *in personam* judgment that can be satisfied from any of Kadiye's property. *United States v. Vampire Nation*, 451 F.3d 189, 202 (3d Cir. 2006) (distinguishing a forfeiture judgment in a criminal case from an *in rem* judgment in a civil forfeiture case); *United States v. Casey*, 444 F.3d 1071, 1077 (9th Cir. 2006). To that end, 21 U.S.C. § 853(p) authorizes the United States to forfeit "any other property of the defendant," up to the amount of the money judgment when directly forfeitable property "cannot be located upon the exercise of due diligence," has been "transferred or sold," "substantially diminished in value," or "commingled with other property which cannot be divided without difficulty." 21 U.S.C. § 853(p). There is no requirement of a nexus between a defendant's offense and the substitute property to be forfeited under § 853(p). *United States v. Smith*, 656 F.3d 821, 828 (8th Cir. 2011). Residences are subject to forfeiture pursuant to this provision. *E.g., United States v. Fleet,* 498 F.3d 1225, 1231 (11th Cir. 2007).

The United States has searched for assets of the Defendant that are directly traceable to the proceeds of the offense, but it has not been able to locate enough directly traceable assets to satisfy the money judgment forfeiture because the Defendant's actions have made those directly traceable proceeds unavailable for seizure and forfeiture. Decl. of Roase ¶ 9. As a result, the United States seeks forfeiture of substitute property.

Here, the Defendant is the sole titled owner of the real property located at 13679 56th Place North, Plymouth, Minnesota (the "Plymouth Property"). The Plymouth Property's legal description is, "Lot 16, Block 2, Camelot Nine at Begin 2nd Addition, Hennepin County, Minnesota," Decl. of Roase ¶ 12. Although the investigation has shown that Kadiye made mortgage payments on the Plymouth Property of $39,876.10 using fraud proceeds, those funds have been commingled with other property and the Plymouth Property cannot be divided without difficulty. *Id.* ¶ 11. Available records show that, as of October 31, 2024, Kadiye owed a mortgage on the Plymouth Property of approximately $470,000. *Id.* ¶ 12. At that time, Kadiye's net equity in the Plymouth Property was $138,264.68. *Id.* That amount is far less than the remaining balance of Kadiye's money judgment forfeiture.

Kadiye is entitled to credit against the money judgement for all assets forfeited in this case. Four vehicles have already been forfeited administratively in this case. The sale of those vehicles has resulted in approximately $80,000 in net proceeds that will be credited against the money judgment forfeiture. Because of the high amount of the requested money judgment forfeiture, it is very unlikely that the forfeitures already

completed and those sought through this motion will satisfy the requested money judgment forfeiture. The proposed order, nevertheless, addresses this unlikely contingency.

## IV.    A GENERAL ORDER OF FORFEITURE SHOULD BE ENTERED AGAINST KADIYE.

The United States also requests that a general order of forfeiture be entered against Kadiye pursuant to Fed. R. Crim. P. 32.2(b)(2)(C). A general order of forfeiture, which is expressly authorized by the Federal Rules of Criminal Procedure, allows the government to seek the forfeiture of directly forfeitable property identified after the date of sentencing:

> **(C) General Order.** If, before sentencing, the court cannot identify all the specific property subject to forfeiture or calculate the amount of the money judgment, the court may enter a forfeiture order that:
>
> (i)    lists any identified property;
>
> (ii)    describes other property in general terms;
>
> (iii)    states that the order will be amended under Rule 32.2(e)(1) when additional specific property is identified or the amount of the money judgment has been calculated.

Fed. R. Crim. P. 32.2(b)(2)(C).

The government requests that the preliminary order of forfeiture include a general order of forfeiture as provided for in Fed. R. Crim. P. 32.2(b)(2)(C). Entry of a general order of forfeiture will allow the government to pursue directly forfeitable assets if any are identified after sentencing. Preserving the government's right to seek the direct forfeiture of assets based on evidence that such assets are traceable to the

fraud scheme would allow the government to clear title to such assets and seek to recover proceeds that have been transferred to third parties. *See* 21 U.S.C. § 853(c) (codifying the relation-back doctrine). A general order of forfeiture will provide an important tool in addition to the money judgment forfeiture requested above.

## V.    THE GOVERNMENT IS ENTITLED TO DISCOVERY TO LOCATE ASSETS SUBJECT TO FORFEITURE.

The United States also requests entry of an order pursuant to Fed. R. Crim. P. 32.2(b)(3) authorizing it to conduct discovery for the purpose of identifying and locating additional assets subject to forfeiture constituting or derived from proceeds Kadiye obtained directly or indirectly from the wire fraud scheme, or assets of Kadiye that may be substituted up to the value of the money judgment forfeiture. Rule 32.2(b)(3) authorizes the government, upon the entry of a preliminary order of forfeiture, to "conduct any discovery the court considers proper in identifying, locating, or disposing of the property" that has been forfeited to the United States. Such discovery may include the taking of depositions of witnesses. *See* 21 U.S.C. § 853(m); *United States v. Saccoccia*, 898 F. Supp. 53 (D.R.I. 1995) (government can take depositions for the purpose of locating assets controlled by the defendant that are subject to forfeiture). In addition, the reference in Rule 32.2(b)(3) to "any discovery the court considers proper" necessarily permits the court to authorize discovery under the Federal Rules of Civil Procedure. Such discovery includes but is not limited to the authority to issue a request for documents to a party under Rule 34 and to a non-party under Rules 34(c) and 45.

The United States also requests that the Court retain jurisdiction over this action pursuant to Rule 32.2(e) to forfeit any subsequently discovered directly forfeitable or substitute property, and to dispose of any third-party claims to such assets.

## CONCLUSION

For the foregoing reasons, the United States respectfully moves this Court for a Preliminary Order of Forfeiture.

Respectfully submitted,

Dated: 3/18/2026

DANIEL N. ROSEN
United States Attorney

*s/Craig Baune*
BY: CRAIG R. BAUNE
Assistant U.S. Attorney
Attorney ID No. 331727
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Phone: 612-664-5600
Craig.baune@usdoj.gov