**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

ABDIKADIR KADIYE

        Defendant.

Case No. 22-cr-226(7) (NEB/DTS)

**Declaration of Pauline Roase in Support of Motion for Preliminary Order of Forfeiture**

Pauline Roase, for her declaration pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

1.    I am employed as a Forensic Accountant with Federal Bureau of Investigation and have been so employed since August 2014. As a Forensic Accountant, my primary duties and responsibilities consist of conducting financial investigations of individuals and businesses for possible violations of federal laws.

2.    I am presently assigned to the FBI's Minneapolis, Minnesota field office where I am a member of the Forensic Accounting Squad. During my employment as a Forensic Accountant, I have participated in various investigations involving mail fraud, wire fraud, fraud against the government, money laundering, and other criminal acts, including criminal schemes where individuals misappropriate money from the investing public. I have received training and gained experience in analyzing personal and business documents and records, and in analyzing direct and indirect relationships between various types of personal and business records and documents, tax returns, and legal and illegal businesses and activities.

3.    I am one of the investigators assigned to the investigation of Abdikadir Kadiye and his co-defendants for their involvement in a fraud scheme and their laundering of the proceeds of that scheme. The defendants conspired and schemed to, among other things, defraud the government through the submission of claims that falsely asserted they were entitled to reimbursement for millions of dollars for meals they claimed to have served to needy children.

4.    The information contained in this declaration includes information received from other law enforcement agencies and officers, including forensic accountants, agents, interviews with witnesses and others, admissions of the defendants, as well as information I have learned directly through my review of records and materials. This declaration does not include, and is not intended to include, all information known to me or to other law enforcement agents regarding this investigation.

5.    This Declaration is submitted in support of a Motion for Preliminary Order of Forfeiture against Kadiye that includes the following:

    a.   a money judgment forfeiture in the amount of $867,897;

    b.   forfeiture of real property located at 2930 Blaisdell Avenue, #227 in Minneapolis, Minnesota, as set forth in Kadiye's Plea Agreement;

    c.   forfeiture of $4,729.33 seized from J.P. Morgan Chase Bank Account No. 831671836; and

    d.   forfeiture of the real property located at 13679 56th Place North, Plymouth, Minnesota as a substitute asset in partial satisfaction of the requested money judgment forfeiture.

6.    Because Kadiye's plea agreement provides the factual basis for the money

2

judgment forfeiture and Blaisdell Ave. property forfeiture, this Declaration addresses the remaining two items.

### $4,729.33 Seized From JP Morgan Checking Account No. 831671836

7. In March 2023, the United States seized all funds in J.P. Morgan Chase Bank Account No. 831671836, held in the name of Abdikadir Kadiye, pursuant to a seizure warrant. The dollar amount seized as a result of that warrant was $4,729.33.

8. Based on a review of this account, all funds seized from it constitute or are traceable to proceeds of the wire fraud scheme for which Kadiye has pled guilty. The account was overwhelming funded by fraud proceeds, which were directly or indirectly deposited and transferred into this account. At the time of the seizure, this relatively small sum constituted or was derived from proceeds of the fraud scheme.

### Real Property Located at 13679 56th Place North, Plymouth, Minnesota

9. Despite the investigative efforts by the United States to locate traceable assets, most of the proceeds of Kadiye's fraud scheme cannot be located because he has made them unavailable for forfeiture and has transferred them to third parties overseas. Although certain assets have been seized and/or forfeited, their value is far less than the amount of proceeds Kadiye obtained from the wire fraud scheme.

10. I am informed that the FBI has completed the administrative forfeiture of four vehicles from Kadiye, and that the combined net proceeds from the sale of those vehicles was $76,224.31. The real property located at 2930 Blaisdell Avenue, #227 in Minneapolis, Minnesota, was purchased by Kadiye in April 2021 for approximately $109,300. Hennepin County assessed its property tax value for 2025 at

$98,000. The net value of all directly forfeitable assets seized from Kadiye, therefore, is estimated to be less than $200,000.

11.     The United States has continued to investigate other assets that are potentially subject to forfeiture as directly forfeitable assets or substitute property.

12.     Title documents identify Kadiye as the owner of the real property located at 13679 56th Place North, Plymouth, Minnesota. A title search by a contractor of the United States Marshals Service identified the property's legal description as "Lot 16, Block 2, Camelot Nine at Begin 2nd Addition, Hennepin County, Minnesota." Hennepin County property tax assessor's website confirms that Kadiye is still the sole owner of this property.

13.     As of October 31, 2024, Kadiye owed $470,228 on a mortgage for the Plymouth, Minnesota property. The investigation has shown that Kadiye made payments on the mortgage for this real property using $39,876.10 in fraud proceeds.

14.     At that time, Kadiye's net equity was estimated to be $138,264. The Hennepin County tax assessment for this Property for the year 2025 was $718,600. Although it is possible that Kadiye has gained additional equity in this property through appreciation, it remains unlikely that his equity in this property would exceed the outstanding amount of the money judgment forfeiture after all other property seized from Kadiye is accounted for.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 3/17/2026

s/Pauline Roase
PAULINE ROASE
Forensic Accountant, FBI

4