# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      Plaintiff,

    v.

1. HAJI OSMAN SALAD,

      Defendant.

Case No. 22-cr-226 (NEB/DTS)

**MOTION FOR PRELIMINARY
ORDER OF FORFEITURE**

The United States of America, through Daniel N. Rosen, United States Attorney for the District of Minnesota, and Craig R. Baune, Assistant United States Attorney, respectfully moves this Court for: (1) a Preliminary Order of Forfeiture pursuant to 18 U.S.C. § 981(a)(1)(c), 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2; (2) a money judgment forfeiture in the amount of $11,483,827; (3) a General Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(2)(C); and (4) an order authorizing discovery to locate additional assets subject to forfeiture.

## BACKGROUND

On March 7, 2023, a Grand Jury in the District of Minnesota returned a Superseding Indictment against Defendant Haji Salad and others. ECF No. 93. The Forfeiture Allegations of the Indictment provided notice that the United States sought forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), of any property which constitutes or is derived from proceeds traceable to Counts 1 through 24 of the Indictment. *Id.*

On September 19, 2024, the United States and the Defendant entered into a

Plea Agreement through which he agreed to plead guilty to Count 14 of the Superseding Indictment, which charges him with wire fraud in violation of 18 U.S.C. § 1343. ECF No. 246, ¶ 1.

Defendant admitted that from in or about June 2020 through 2022, he knowingly participated in a fraudulent scheme to obtain and misappropriate millions of dollars in Federal Child Nutrition Program funds. *Id.* ¶ 3. Salad admitted that he falsely claimed that his business, Haji's Kitchen, was a food vendor for more than 15 million meals to various Federal Child Nutrition Program sites in Minnesota. *Id.* ¶ 2. The Defendant admitted that, through the fraud, he received approximately $11,483,827 in federal funds. *Id.* ¶ 4. Salad consented to a money judgment forfeiture of $11,483,827 and agreed to the forfeiture of the following assets, which he admits constitute or are traceable to the wire fraud scheme:

A. $224,835.23 seized from Bell Bank account No. 6521127305, held in the name of US Halal Foods LLC;

B. $1,197,946.40 seized from Huntington National Bank account No. 1438393443, held in the name of Haji's Kitchen LLC;

C. $11,832.90 seized from Huntington National Bank account No. 2436665868, held in the name of Haji Osman Salad;

D. $1,823,896.90 seized from JPMorgan Chase Bank account No. 672371900, held in the name of Haji's Kitchen LLC;

E. $146,693.56 seized from JPMorgan Chase Bank account No. 720708376, held in the name of Haji O. Salad;

F. $14,500 seized from Huntington Bank account No. 04436834587, held in the name of A.O . Salad (minor) F.A.A. as custodian;

G.    $2,243.01 seized from JP Morgan Chase account 3750102338 held in the name of F.A.A. as custodian for A.O. Salad (minor);

H.    $91.70 seized from JP Morgan Chase account 765761611, held in the name of F.A.A.;

I.    $44,595.41 representing the net proceeds of the interlocutory sale of a 2022 Mercedes Benz GLE Coup, VIN: 4JGFD6BSNA589107;

J.    Rodeo Joe Men's watch seized from 5707 Hwy 7, Saint Louis Park, Minnesota (collectively, "the Property").[1] *Id.* at ¶ 14.

## ARGUMENT

**I.    A PRELIMINARY ORDER OF FORFEITURE SHOULD BE ENTERED FOR DIRECTLY FORFEITABLE ASSETS.**

### A. Legal Standard

The United States seeks a Preliminary Order of Forfeiture pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure. Rule 32.2(b) provides:

(b) Entering a Preliminary Order of Forfeiture.

(1) Forfeiture Phase of the Trial.

(A) Forfeiture Determinations. As soon as practical . . . after a plea of guilty . . . the court must determine what property is subject to forfeiture . . . If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.

---

[1] Salad's plea agreement lists additional items as subject to forfeiture. The real properties listed in his plea agreement could not be forfeited due to lack of equity and/or superior third party interests. The additional vehicles and financial accounts listed in the Plea Agreement have been administratively forfeited by the FBI and are therefore not included in this motion.

(B) Evidence and Hearing. The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.

(2) Preliminary Order.

(A) Contents of a Specific Order. If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment [and] directing the forfeiture of specific property, . . . if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest . . .

Criminal forfeiture is a part of sentencing; it is not a substantive element of the offense. *Libretti v. United States*, 516 U.S. 29, 38-39 (1995). As such, the preponderance of the evidence standard of proof applies. *United States v. Huber*, 462 F.3d 945, 949 (8th Cir. 2006); *see also, e.g., United States v. Peithman,* 917 F.3d 635, 651 (8th Cir. 2019).

Because the governing statutes include compulsory terms, forfeiture is mandatory. *United States v. Williams,* 720 F.3d 674, 702 (8th Cir. 2013) (differentiating "shall" from "may" in forfeiture statutes). The plain language of 28 U.S.C. § 2461(c) mandates forfeiture when a defendant is convicted of an offense giving rise to forfeiture. *Id.* ("If the defendant is convicted of the offense giving rise to the forfeiture, the court shall order the forfeiture of the property as part of the sentence in the criminal case. . .") (emphasis added); *see also United States v. Blackman*, 746 F.3d 137, 143 (4th Cir. 2014) ("The word 'shall' does not convey discretion").

Moreover, "Forfeiture is mandatory even when restitution is also imposed." *Id.*; *see also United States v. Newman*, 659 F.3d 1235, 1241 (9th Cir. 2011) (defendant,

pursuant to 18 U.S.C. § 982(a)(2), is "not entitled to a credit for the amount that he had repaid toward the fraudulently obtained loan."); *United States v. Adetiloye*, 716 F.3d 1030, 1041 (8th Cir. 2013) ("Restitution is loss based, while forfeiture is gain based.") (citations omitted). Although forfeiture and restitution are separate aspects of a criminal sentence, forfeited assets are often used to compensate criminal victims through the remissions process authorized by 28 C.F.R. Part 9.

Third-party claims to forfeitable property are addressed in an ancillary proceeding and are not at issue at this stage of the forfeiture process. *See* 21 U.S.C. § 853(n) (as incorporated by 28 U.S.C. § 2461(c)); Fed. R. Crim. P. 32.2(c). The Court enters the preliminary order of forfeiture without consideration of third-party interests. *See id*. Determining any such interests "must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c)." Fed. R. Crim. P. 32.2(b)(2)(A).

## B. Forfeiture is Authorized for All Proceeds of a Wire Fraud Scheme.

Salad has pleaded guilty to wire fraud in violation of 18 U.S.C. § 1343. As a consequence, 18 U.S.C. § 981(a)(1)(C) mandates forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense."[2]

---

[2] Pursuant to Title 18. 18 U.S.C. § 1956(c)(7)(A), the term "specified unlawful activity" includes any act or activity constituting an offense listed in section 1961(1). The offenses listed in section 1961(1) include wire fraud. Although 18 U.S.C. § 981(a)(1)(C) is a civil forfeiture provision, 28 U.S.C. § 2461(c) criminal forfeiture when a defendant is convicted of an offense for which civil forfeiture is authorized, as it has done here. ECF No. 93, Forfeiture Allegations. *See, e.g., United States v. Jennings*, 487 F.3d 564, 583-584 (8th Cir.

Proceeds of a wire fraud scheme include all gross receipts of the scheme. *See, e.g., United States v. Simmons,* 154 F.3d 765, 770-772 (8th Cir. 1998) (interpreting similar forfeiture authority for RICO violation, holding, "the better view is the one that defines proceeds as the gross receipts of the illegal activities); *United States v. Huber*, 404 F.3d 1047, 1058 (8th Cir. 2005) (defendant was not entitled to offset expenses, "even if the expenses were legitimately incurred by Huber, they would not reduce the amount subject to forfeiture"); *United States v. Hively.* 437 F.3d 752, 763 (8th Cir. 2006) (same); *United States v. Lo*, 839 F.3d 777, 792-94 (9th Cir. 2016) (all funds from defendant's fraud scheme were subject to forfeiture on conviction for mail and wire fraud, rather than only the amounts specified in counts of conviction).

## C. The Directly Forfeitable Property Described Above is Subject to Forfeiture From Salad.

As is set forth in the Plea Agreement, Salad has agreed that the Property is subject to forfeiture because it constitutes or is derived from proceeds traceable to the Wire Fraud scheme for which Sald has pleaded guilty. Because that admission of traceability establishes that the require nexus between the Property and the crime of conviction has been met, the Property is directly forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). It should, therefore, be included in the requested Preliminary Order of Forfeiture.

---

2007) (affirming money judgment forfeiture based on mail fraud conviction pursuant to 18 U.S.C. 981(a)(1)(C) and 28 U.S.C. § 2461(c)); *Adetiloye*, 716 F.3d at 1041.

## II.    A MONEY JUDGMENT FORFEITURE OF $11,483,827 SHOULD BE ENTERED.

### A. Personal Money Judgments Forfeitures are Authorized in Criminal Actions.

Entry of a personal money judgment forfeiture is specifically authorized by Fed. R. Civ. P. 32.2(b)(1), and such orders have been repeatedly upheld. *See, e.g., United States v. Johnson*, 956 F.3d 510, 518 n.5 (8th Cir. 2020) (affirming $2.1 million money judgment forfeiture, with defendant receiving credit against that total for the value of forfeited assets); *Peithman*, 917 F.3d at 652 (affirming money judgment forfeiture imposed under 18 U.S.C. § 981(a)(1)(C), while remanding for a redetermination of the amount of the money judgment issued under 21 U.S.C. § 853), cert. denied, 140 S. Ct. 340 (2019); *United States v. Gregoire,* 638 F.3d 962, 971-72 (8th Cir. 2011) (money judgment forfeiture permitted based on mail fraud conviction; no jury determination required for amount of money judgment forfeiture); *Jennings*, 487 F.3d at 586 (affirming money judgment for amount of proceeds defendant derived from "honest services" mail fraud scheme).

### B. The United States is Entitled to a $11,483,827 Money Judgment Forfeiture Against Salad Pursuant to 18 U.S.C. § 981(a)(1)(C).

Salad has admitted through his plea agreement that he "knowingly participated in a fraudulent scheme to defraud the Federal Child Nutrition Program." ECF No. 246, ¶ 2. He further admitted that $11,483,827 represents the amount of proceeds he obtained from the wire fraud scheme. *Id.* ¶¶ 2, 14. As a result, a money judgment forfeiture of $11,483,827 is appropriate. The Defendant would receive a credit against

the money judgment forfeiture for the net value of each asset that is forfeited from him in connection with this case. *See Johnson,* 956 F.3d at 518 n.5.

## III.   A GENERAL ORDER OF FORFEITURE SHOULD BE ENTERED AGAINST SALAD.

The United States also requests that a general order of forfeiture against Salad pursuant to Fed. R. Crim. P. 32.2(b)(2)(C). A general order of forfeiture, which is expressly authorized by the Rules of Criminal Procedure, allows the government to seek the forfeiture of directly forfeitable property identified after sentencing:

> **(C) General Order.** If, before sentencing, the court cannot identify all the specific property subject to forfeiture or calculate the amount of the money judgment, the court may enter a forfeiture order that:
>
> (i)     lists any identified property;
>
> (ii)    describes other property in general terms;
>
> (iii)   states that the order will be amended under Rule 32.2(e)(1) when additional specific property is identified or the amount of the money judgment has been calculated.

Fed. R. Crim. P. 32.2(b)(2)(C).

The government requests that the preliminary order of forfeiture include a general order of forfeiture as provided for in Fed. R. Crim. P. 32.2(b)(2)(C). Entry of a general order of forfeiture will allow the government to pursue directly forfeitable assets if any are identified after sentencing. Preserving the government's right to seek the direct forfeiture of assets based on evidence that such assets are traceable to Salad's fraud scheme would allow the government to clear title to such assets and seek to recover proceeds that have been transferred to third parties. *See* 21 U.S.C. § 853(c)

(codifying the relation-back doctrine). A general order of forfeiture will provide an important tool in addition to the money judgment forfeiture requested above.

## IV.    THE GOVERNMENT IS ENTITLED TO DISCOVERY TO LOCATE ASSETS SUBJECT TO FORFEITURE.

The United States also requests entry of an order pursuant to Fed. R. Crim. P. 32.2(b)(3) authorizing it to conduct discovery for the purpose of identifying and locating additional assets subject to forfeiture constituting or derived from proceeds Salad obtained directly or indirectly from the wire fraud scheme, or assets of Salad that may be substituted up to the value of the money judgment forfeiture. Rule 32.2(b)(3) authorizes the government, upon the entry of a preliminary order of forfeiture, to "conduct any discovery the court considers proper in identifying, locating, or disposing of the property" that has been forfeited to the United States. Such discovery may include the taking of depositions of witnesses. *See* 21 U.S.C. § 853(m); *United States v. Saccoccia*, 898 F. Supp. 53 (D.R.I. 1995) (government can take depositions for the purpose of locating assets controlled by the defendant that are subject to forfeiture). In addition, the reference in Rule 32.2(b)(3) to "any discovery the court considers proper" necessarily permits the court to authorize discovery under the Federal Rules of Civil Procedure. Such discovery includes but is not limited to the authority to issue a request for documents to a party under Rule 34 and to a non-party under Rules 34(c) and 45.

The United States also requests that the Court retain jurisdiction over this action pursuant to Rule 32.2(e) to forfeit any subsequently discovered directly forfeitable or substitute property, and to dispose of any third-party claims to such assets.

## III. CONCLUSION

For the foregoing reasons, the United States moves this Court for a Preliminary Order of Forfeiture.

Respectfully submitted,

Dated: 4/20/2026

DANIEL N. ROSEN
United States Attorney

*s/Craig Baune*
BY: CRAIG R. BAUNE
Assistant U.S. Attorney
Attorney ID No. 331727
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Phone: 612-664-5600
craig.baune@usdoj.gov