**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 22-CR-226 (1) (NEB/DTS) |
| Plaintiff, | |
| v. | PRELIMINARY ORDER OF FORFEITURE |
| HAJI OSMAN SALAD, | |
| Defendant. | |

Based on the United States' Motion for a Preliminary Order of Forfeiture; on the Superseding Indictment; on the Plea Agreement entered into between the United States and Defendant Haji Osman Salad; and on the Court having found that certain property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) in conjunction with 28 U.S.C. § 2461(c), the United States has established the requisite nexus between such property and the offense to which the Defendant pled guilty, IT IS HEREBY ORDERED that:

1. The United States' Motion for a Preliminary Order of Forfeiture (ECF No. 319) is GRANTED;

2. The following property is forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(c) in conjunction with 28 U.S.C. § 2461(c):

    a. $224,835.23 seized from Bell Bank Account No. 6521127305, held in the name of US Halal Foods LLC;

b. $1,197,946.40 seized from Huntington National Bank Account No. 1438393443, held in the name of Haji's Kitchen LLC;

c. $11,832.90 seized from Huntington National Bank Account No. 2436665868, held in the name of Haji Osman Salad;

d. $1,823,896.90 seized from JPMorgan Chase Bank Account No. 672371900, held in the name of Haji's Kitchen LLC;

e. $146,693.56 seized from JPMorgan Chase Bank Account No. 720708376, held in the name of Haji O. Salad;

f. $14,500 seized from Huntington Bank Account No. 04436834587, held in the name of A.O . Salad (minor) F.A.A. as custodian;

g. $2,243.01 seized from JP Morgan Chase Account No. 3750102338 held in the name of F.A.A. as custodian for A.O. Salad (minor);

h. $91.70 seized from JP Morgan Chase Account No. 765761611, held in the name of F.A.A.;

i. $44,595.41 representing the net proceeds of the interlocutory sale of a 2022 Mercedes Benz GLE Coup, VIN: 4JGFD6BSNA589107;

j. Rodeo Joe Men's watch seized from 5707 Hwy 7, Saint Louis Park, Minnesota (collectively, "the Property");

2

3.      The Attorney General or his authorized designee may seize and maintain custody and control of the Property pending the entry of a Final Order of Forfeiture;

4.      A money judgment forfeiture is entered against Defendant pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) in the amount $11,483,827;

5.      Defendant shall receive credit against the money judgment forfeiture for the net forfeited value of each asset that is forfeited from him in connection with this case;

6.      Defendant is ordered to forfeit, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2)(C), any property, real or personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of Count 14 of the Superseding Indictment;

7.      Pursuant to Fed. R. Crim. P. 32.2(b)(3) and (c)(1)(B), and 21 U.S.C. § 853(m), the United States may conduct discovery as to Defendant to identify property subject to forfeiture under the terms of this order and to address any factual issues raised by a third-party petition filed pursuant to Fed. R. Crim. P. 32.2(c);

8.      The United States shall, pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), publish and give notice of this Order and its intent

to dispose of the Property in such manner as the Attorney General may direct;

9.      Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing, and shall be made a part of the sentence and included in the judgment;

10.     Following the Court's disposition of all petitions filed pursuant to 21 U.S.C. § 853(n)(2) or, if no petitions are filed, following the expiration of the time period specified within which to file such petitions, the United States shall have clear title to the Property and may warrant good title to any subsequent purchaser or transferee; and

11.     This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary pursuant to Fed. R. Crim. P. 32.2(e).

Dated: May 5, 2026                                    BY THE COURT:

                                                      s/Nancy E. Brasel
                                                      Nancy E. Brasel
                                                      United States District Judge