**UNITED STATES DISTRICT COURT**
DISTRICT OF MINNESOTA
Case No. 22-CR-226 (NEB)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **DEFENDANT'S POSITION REGARDING SENTENCING AND REQUEST FOR DOWNWARD DEPARTURE** |
| v. | ) | |
| | ) | |
| SHARMARKE ISSA, | ) | |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

The Defendant, Sharmarke Issa, is before the Court for sentencing having pled guilty to one count of wire fraud in violation of 18 USC §1341. Pursuant LR 83.10 (e), of the Local Rules of the District of Minnesota, Mr. Issa herewith submits his Position Regarding Sentencing. Mr. Issa respectfully requests that the Court sentence him to a period of incarceration of no more than twenty-one months, a period of home confinement, and supervised release, representing a downward departure from the guidelines.

## I. POSITION WITH RESPECT TO SENTENCING GUIDELINES.

The PSR notes that the Federal Sentencing Guidelines provide for a total adjusted offense level of 22 with a criminal history category of I. The starting point in determining the appropriate sentence is for the District Court to consider the federal sentencing guidelines ("the Guidelines"). *Rosales-Mireles*, 138 S. Ct. at 1904. However, the Guidelines are advisory, and the sentencing judge is not bound by them. *Id.* "[T]he district court is prohibited from presuming that the Guidelines range is reasonable." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (citing *Gall*, 552 U.S. at 50). Instead, the Court must make an individualized assessment based on

the facts presented in the particular case for that particular defendant. *Id.* (citing *Gall*, 552 U.S. at 50).

District Court sentencing judges have significant discretion to "determine in each case what constitutes a sentence that is sufficient, but not greater than necessary, to achieve the overarching sentencing purposes of retribution, deterrence, incapacitation, and rehabilitation." *Rosales-Miroles v. United States*, 138 S.Ct. 1897, 1903 (2018). The Court should "consider every convicted person as an individual and every case as a unique study in the human failings" when imposing a criminal defendant's sentence. *Gall v. United States*, 552 U.S. 38, 52 (2007).

## II. POSITION WITH RESPECT TO SENTENCING FACTORS IN § 3553(a).

In addition to consulting the applicable advisory Guidelines, the sentencing judge "must always take account of certain statutory factors" codified in 18 U.S.C. § 3553(a). *Chavez-Meza*, 138 S. Ct. at 1963. After considering the starting point from the Guidelines, "the district court must independently consider all the sentencing factors in 18 U.S.C. § 3553(a) to determine the appropriate sentence." *United States v. Ibarra-Sandoval*, 265 F. Supp. 3d 1249, 1251 (D.N.M. 2017) (citing *Gall*, 552 U.S. at 49-50).

### A. Nature and Characteristics of the Offense and the History and Characteristics of the Defendant.

- **Nature and Characteristics of the Offense.**

The Presentence Report has covered the nature and characteristics of the offense. The offense conduct is very simple. Mr. Issa contacted representatives of Feeding our Future and Partners In Quality and arranged to be certified as an operator of food distribution sites in the COVID child nutrition program. As part of the program, he submitted claims for payment for

distribution of food in quantities greater than he actually distributed. He has admitted his responsibility for this conduct and agreed to a plea of guilty.

- **History and Characteristics of the Defendant.**

The Defendant has no relevant criminal history. Mr. Issa had a driving offense related to alcohol use. He has no history of violent crime and no other significant criminal history.

Mr. Issa is married and has five young children. He had been significant financial supporter of his family prior to his involvement in the food program and continues to be a significant contributor to their welfare. Courts have recognized that consideration of the interests of the Defendant's family is appropriate in the §3553 analysis. *U.S. v. Cox*, 271 F. Supp. 3d 1085 (S.D. Iowa 2017). Here, the Court should take into account the disruption and anxiety that will result to his children from an extended period of confinement.

Mr. Issa drove for Uber and Lyft and engaged in business consulting prior to his involvement in the food program. Mr. Issa learned of the Food Program through communications in the Somali community. Mr. Issa believed that the program offered an opportunity to make money and that there was no accountability for exaggerated claims of food distributed. Mr. Issa recognizes that this was wrong and is remorseful for his actions.

Mr. Issa is not a recidivist criminal. Mr. Issa has been involved in community programs and efforts to improve housing for low-income people. Prior to execution of the search warrant, Mr. Issa was the Chairman of the Board of the Minneapolis Public Housing Authority, an organization that provides low-income housing to thousands of Minneapolis residents. The position of Chairman is a volunteer position, with a minimal stipend of $55 per meeting paid to members, an amount wholly disproportionate to the time and effort invested by members. Mr. Issa sought to better the community in which he lives.

Mr. Issa has demonstrated remorse for his conduct and is sorry for the shame that it cast on him and his family. He has readily accepted responsibility for his crime. He has cooperated with the Government's former investigative team and has provided evidence useful in the prosecution of another defendant.

**B. The Need for the Sentence Imposed.**

**a. To Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense.**

Mr. Issa's request for a sentence of incarceration of twenty-one months, and home confinement, and community service does not minimize the seriousness of his offense. Under the punishment principle known as parsimony, "the sentence imposed should be no more severe than necessary to achieve" the goals of §3553(a). Richard S. Frase, *Preface and Introduction* in JUST SENTECING: PRINCIPLES AND PROCEDURES FOR A WORKABLE SYSTEM 11-12 (2013).

**b. To Afford Adequate Deterrence to Criminal Conduct.**

In addition to the collateral consequences of Mr. Issa's conduct, including the loss of work, the shame in his community, and the loss of civil rights, the criminal conviction itself is a deterrence from re-offending.

**c. To Protect the Public from Further Crimes of the Defendant.**

Mr. Issa has had no serious recent criminal history. Mr. Issa has no record for nor any indication of violent behavior and has not preyed upon any members of the public. His sole prior criminal offense was an alcohol-related driving offense that did not involve others or injure anyone else.

**d. To Provide the Defendant with Needed Educational or Vocational Training, Medical Care or Other Correctional Treatment in the Most Efficient Manner.**

Mr. Issa resides with his family in Bloomington, MN. Upon commencement of any term of supervision, the Defendant intends to continue to reside in Minnesota. If the Court sentences Mr. Issa to a period of incarceration for longer than one year, he may profit by participation in the RDAP program. As noted in the PSR, Mr. Issa has struggled with substance use problems.

**C. The Kinds of Sentences Available.**

The Court has sentencing options of custody, including home confinement, supervised release, and probation. The Guidelines contemplate substitution of home confinement for a period of custodial confinement. The Court is, as noted above, free to depart or vary from the guidelines in its discretion based on the individual facts of this defendant.

**D. The Kinds of Sentence and Sentencing Range in the Guidelines.**

The PSR properly determines that Mr. Issa has a criminal history score of I. The PSR goes on to calculate an adjusted score of 22. Under the guidelines, the range for that score is 41-51 months. As noted above, this range does not provide a fair representation of Mr. Issa's actual level of responsibility. *U S. v. Watt*, 707 F. Supp. 2d 149 (D. Mass. 2010).

**E. The Need to Avoid Unwarranted Disparities.**

Courts in the District of Minnesota and the Eighth Circuit depart or vary downward from the sentencing guidelines when the facts warrant a departure. U.S. Sentencing Commission's 2018 Sourcebook of Federal Sentencing Statistics. Many courts have rejected guideline-recommended sentences in large fraud-loss cases. The courts have recognized that a mechanical application of the guidelines often leads to sentences that are disproportionate to the amount of time necessary to fulfill the statutory purposes of sentencing. *See, e.g. U.S. v. Carter*, 538 F. 3d 784 (7th Cir. 2008). Here, the loss amount is in excess of the amount he actually received from the program, the amount of $3,586,231.

The PSR notes that between 2021 and 2025, there were 501 defendants with a guideline score of 22. 96% of these defendants received sentences of imprisonment with an average length of 33 months, substantially less than the guideline range. (Para. 146).

This Court has sentenced other defendants to similar sentences in similar circumstances. For example, in the case of *United States v. Necraj Chepuri*, 22-CR-308 (PJS/JFD) the District Court sentenced the defendant to 21 months in custody where defendant pled guilty to wire fraud charges and the loss restitution amount totaled $3,265,000, an amount similar to the amount of money received by the Defendant in this case. While the "loss" amount, attributable to other defendants' conduct is larger, the amount that Mr. Issa received from the program is $3,586,231, as set forth in paragraph 14 of the Plea Agreement.

This Court has sentenced Yusef Bashir Ali to 18 months in custody (22-CR-224(8)(NEB), and Abdul Abubakar Ali to one year and one day. *U.S. v. Ali,* 22-CR-224 (7)(NEB) under circumstances where the defendants received less than the loss amount created by their co-defendants.

In this case, Mr. Issa cooperated with authorities, meeting with the investigation team several times to assist them in their investigations into the FOF program.

**F. The Need to Provide Restitution to Any Victims of the Offense.**

The Defendant has agreed to the payment of restitution. Under the Plea Agreement, the Defendant has agreed to a money judgment forfeiture in the amount of $3,586,231, which amount shall be reduced by the proceeds received by the Government in liquidating the properties identified on page 9 of the Plea Agreement..

Given the significant amount of restitution and limited financial means available to the Defendant, no fine is necessary and ordering a fine would interfere with payment of restitution.

## III. DISPUTE WITH THE FINAL PRESENTENCE REPORT

The objections made to the preliminary PSR have been corrected and we have no objections to the Final PSR. While the calculations in the PSR are accurate, the parties proceeded on the basis of an expectation of sentencing consistent with the terms of their plea agreement, which determined a guideline score of 20, rather than 22. The Defendant requests that this Court determine a sentence that does not exceed the terms of the plea agreement.

## IV. REQUEST FOR AN EVIDENTIARY HEARING

Mr. Issa does not request an evidentiary hearing.

## V. REQUEST TO BE ALLOWED TO VOLUNTARILY SURRENDER IF CUSTODIAL TIME IS PART OF THE SENTENCE.

If this Court orders a period of incarceration in a federal custodial facility, Defendant requests a period of 60-days from pronouncement of the sentence to prepare and to be allowed to surrender voluntarily.

## VI. SPECIFIC REQUEST FOR A SENTENCE

The Defendant respectfully requests that he be sentenced to a period of incarceration of not more than twenty-one months, home confinement, and supervised release. This represents a variance from the guidelines. The Defendant requests this variance based the parsimony provision, taking into account his acceptance of responsibility, his remorse, the effect upon his reputation and business, the effect of a prison sentence upon his family, and the unlikelihood of any future offenses being committed by the Defendant. In this connection, it should be noted that Mr. Issa was indicted on September 13, 2022. He pled guilty on September 18, 2024. He has been awaiting sentencing since his plea of guilty on September 18, 2024 . During this time, there has been a

chilling effect on his employment opportunities as they are in large part dependent on his inability to commit to long-term employment because of the expectation of some period of custodial confinement. Mr. Issa has been employed as an Uber driver.

Mr. Issa has already paid the mandatory $100 special assessment and respectfully requests stay of any fine in this case to allow him to devote his future resources to payment of the restitution.

## CONCLUSION

Mr. Issa respectfully requests that the Court vary from the recommended guideline range and sentence him to a period of incarceration of not more than twenty-one months, home confinement, and supervised release.

Respectfully submitted,

Dated: November 16, 2026

/s/ *Thomas E. Brever*
Thomas E. Brever
Attorney ID No. 11356
Foster & Brever, PLLC
2633 Innsbruck Dr NW
Suite A
New Brighton, MN 55112
tbrever@fosterbrever.com
(612) 436-3291
Attorney for Defendant